IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL GORDON, Y66588, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-351-DWD |
| | ) |
| VANDALIA CORR. CTR., | ) |
| | ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

**DUGAN, District Judge:**

Plaintiff Samuel Gordon, an inmate of the Illinois Department of Corrections (IDOC) housed at Vandalia Correctional Center (Vandalia), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights under 42 U.S.C. § 1983. Plaintiff's allegations concern an alleged assault committed by a staff member on February 28, 2025. His complaint is faulty in many respects, but most significantly at this juncture, it is highly unlikely that he exhausted his administrative remedies prior to filing this lawsuit.

### Analysis

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

By Plaintiff's own account, on February 28, 2025, a guard approached him in his cell while he was asleep and "poked [him] two times." (Doc. 1 at 5). He signed and submitted the underlying complaint for filing on February 28, 2025. As such, it is almost entirely beyond doubt that Plaintiff filed this complaint before he made any meaningful effort to exhaust his remedies at the prison. An inmate may not sue first and exhaust later, so this shortcoming may make immediately dismissal of this pleading without prejudice appropriate. Before effectuating a dismissal, Plaintiff shall have an opportunity to respond so that he can explain any steps he took to exhaust this issue before suing.

Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 3), but he did not provide any detail in the motion about his own efforts to recruit counsel, nor did he explain why he believed he needed counsel. Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted). Given that Plaintiff has not provided any information about his own efforts, his Motion must be denied. If he files a new motion later, he must include proof he tried to contact at least three lawyers, and he must explain what specific difficulties he is facing in this case.

## Disposition

Plaintiff is **ORDERED** to show cause about the exhaustion of his claim prior to the filing of this lawsuit. Plaintiff must file his response with the Court in written format within 30 days. Plaintiff's failure to respond to this Order will result in dismissal of this case. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 30, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge