IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL GORDON, Y66588, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-351-DWD |
| | ) |
| VANDALIA CORR. CTR., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Samuel Gordon, an inmate of the Illinois Department of Corrections (IDOC) housed at Vandalia Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights under 42 U.S.C. § 1983. (Doc. 1). Upon initial review, the Court noted that the underlying allegations took place on February 28, 2025, and Plaintiff signed and dated his suit the exact same day. Thus, the Court ordered Plaintiff to show cause about his efforts to exhaust his administrative remedies by May 30, 2025. (Doc. 16). Plaintiff has not responded or filed anything further in this case.

## Analysis

The sole defendant that Plaintiff named in this case is Vandalia Correctional Center. In the factual allegations, he explained that on February 28, 2025, "a staff member" assaulted him by poking him two times while he slept. He characterized the pokes as excessive force and an aggressive action. He claims he raised the issue to

internal affairs and is "pressing charges." (Doc. 1 at 5). The Complaint was signed and dated February 28, 2025. (Doc. 1 at 7).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. IDOC's grievance procedure does not contain an explicit timeframe for the handling of emergency grievances, 20 Ill. Admin. Code § 504.840, though it does provide that "when reasonably feasible" a grievance officer shall make a recommendation on a grievance within two months of receipt, 20 Ill. Admin. Code § 504.830(e). The grievance appeals process also suggests that an appeal of an emergency grievance should be "expedited" but there is not a firm processing deadline. 20 Ill. Admin. Code § 504.850(f).

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

By Plaintiff's own allegations, he filed this Complaint (Doc. 1) on the same day that the incident occurred.  He explained no effort in his complaint to exhaust (although he would not be required to plead this explicitly), and he failed to respond to the Court's Order to Show cause.[1]  A sue first, exhaust later approach, is unacceptable.  *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (an exhaust first, sue later approach is not acceptable, and an amended pleading cannot cure an exhaustion defect).

Additionally, even if Plaintiff had exhausted his remedies before filing his complaint, there is no valid basis for his complaint to proceed.  The sole defendant he named was the prison itself, which is not an entity treated as a "person" for purposes of § 1983 liability.  Furthermore, a guard poking a sleeping inmate two times is not sufficient to state a claim for excessive force.  An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  There is not a de minimus injury requirement, but there is simply no scenario in which two pokes that caused no physical injury could

---

[1] The Supreme Court held last week in *Perttu v. Richards*, 605 U.S. ___, 2025 WL 1698783 (June 18, 2025), that an exhaustion issue intertwined with the merits of the underlying claim shall be resolved by a jury.  *Perttu* does not apply to this case because Plaintiff's substantive claim is that staff used unnecessary force against him, but he says nothing about staff hindering his ability to lodge a valid grievance.  Thus, *Perttu* does not impact the appropriateness of this dismissal.

be considered malicious and sadistic or excessive in nature. Therefore, this case is dismissed as prematurely filed before exhaustion was completed, and because it fails to state any valid basis for a claim.

The Court does not imagine that any sort of amendment could cure these defects, so this case will be dismissed in full without an invitation to amend. The Court views this dismissal as a strike because it is premised partially on a failure to state a claim (an enumerated basis for a strike under 28 U.S.C. § 1915(g)) and it is premised partially on Plaintiff's failure to exhaust his remedies as evidenced by the face of his complaint, *see Holmes v. Marion County Sheriff's Office*, 2025 WL 1720523, (7th Cir. June 20, 2025) (finding that a dismissal based upon an affirmative defense, that is obvious from the face of the complaint, constitutes a strike).

### Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and for failure to state a claim. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 25, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the

outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.